MICHAEL BEIK *v.* WALLACE THORSEN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued October 15—decision released October 28, 1975

*Robert R. Sheldon,* with whom, on the brief, was *T. Paul Tremont,* for the appellant (plaintiff).

*Wallace Thorsen,* pro se, the appellee (defendant).

PER CURIAM. This was an action for fraud, the plaintiff alleging that in reliance upon material misrepresentations on the part of the defendant made with the sole purpose of extracting $6250 from him the plaintiff paid that sum to the defendant for a 6.25 percent interest in a corporation known as Mr. Electronics, Inc. From a judgment for the defendant the plaintiff appealed to this court.

It is unnecessary to discuss the many claims of error asserted by the plaintiff. One unattacked finding of the court amply supports the judgment. That unchallenged finding is: "There was no evidence as to the damages, if any, sustained by the Plaintiff, arising out of the purchase of the MEI stock, or that he sustained a substantial pecuniary loss."

As this court stated in *Harper* v. *Adametz,* 142 Conn. 218, 222, 113 A.2d 136: "It is the general rule that in an action at law for fraud the plaintiff, to recover, must prove that he has been injured. *Helming* v. *Kashak,* 122 Conn. 641, 643, 191 A. 525; *Macri* v. *Torello,* 105 Conn. 631, 633, 136 A. 479; *Bradley* v. *Oviatt,* 86 Conn. 63, 67, 84 A. 321; *Barnes* v. *Starr,* 64 Conn. 136, 150, 28 A. 980. In the ordinary case, this means that the plaintiff must sustain a substantial pecuniary loss. See Prosser, Torts, p. 768; Harper, Torts, p. 470."

In discussing this "fundamental principle of law," 37 Am. Jur. 2d 378, Fraud and Deceit, § 283, states the principle as follows: "Thus, fraud without dam-

age ordinarily gives no cause of action either at law or in equity. Where the evidence failed to show that the plaintiff suffered any damage at the time of the transaction, under the applicable rules of law as to the measure of damages for fraud, it is held that he cannot recover in an action for deceit. The rule requiring damage or injury generally applies, for instance, to an action by a buyer or purchaser for relief by reason of fraud of the seller or vendor. In contradistinction with trespass and other direct injuries for which the complainant is awarded nominal damages if he should fail to plead and prove actual damage, deceit belongs to that class of tort of which pecuniary loss generally constitutes part of the cause of action. In other words, the action of deceit is based on fraud and damage; broadly speaking, it will lie when both concur, and will not lie unless both do concur."

In the absence of any evidence as to the damages, if any, sustained by the plaintiff as a consequence of his transactions with the defendant, the trial court properly directed that judgment be entered for the defendant.

There is no error.