DEREK BOSTIC *v.* LAWRENCE SOUCY ET AL.
(AC 23822)

Schaller, Dranginis and DiPentima, Js.

Argued December 9, 2003—officially released April 6, 2004

*Kenneth J. Mastroni,* for the appellants (defendants).

*Edward G. Fitzpatrick,* with whom, on the brief, was *Rosa C. Rebimbas,* for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendants, Lawrence Soucy and Francis Basile, appeal from the judgment of the trial court rendered in favor of the plaintiff, Derek Bostic, after the court denied their motion to set aside the jury's verdict and for a new trial. On appeal, the defendants claim that the court improperly (1) refused to instruct the jury on apportionment and (2) instructed the jury that it must award nominal damages.[1] We disagree with the defendants and affirm the judgment of the trial court.

The background facts are not in dispute. In October, 1997, the defendants and the plaintiff were involved in a head-on automobile collision.[2] The plaintiff brought a negligence action against the defendants. After the defendants admitted liability, the case was tried to the jury on the issue of damages. The jury awarded the plaintiff $20,000 in economic damages and $15,000 in noneconomic damages. The defendants filed a motion to set aside the verdict and for a new trial, which was denied. This appeal followed. Additional facts will be set forth as necessary.

---

[1] The defendants also claim that the court improperly (1) allowed the plaintiff to argue to the jury during closing argument that Soucy did not care about the trial because he was not present during the trial and (2) denied their motion to set aside the verdict and for a new trial. The defendants argue that the plaintiff's remarks warranted a new trial. We decline to review those claims because the defendants have failed to provide this court with an adequate record. See Practice Book § 61-10. No transcripts of the parties' arguments concerning the claims were included. The transcripts produced by the defendants are incomplete and do not provide a chronological order of events.

[2] Soucy was the driver of the vehicle, and Basile was the owner of the vehicle.

I

The defendants claim that the court improperly refused to instruct the jury on apportionment. The defendants argue that *Card* v. *State*, 57 Conn. App. 134, 747 A.2d 32 (2000), allows them to apportion damages to a tortfeasor from a prior accident and that the court should have instructed as such. We disagree.

Additional facts are necessary for the resolution of the defendants' claim. In June, 1996, the plaintiff was involved in an automobile accident with Joanne LaGrave. The plaintiff was injured in the accident. Prior to trial, the defendants filed a pleading titled "Notice of Intent to Argue Proportionate Share of Responsibility of a Settled or Released Person." The defendants relied exclusively on General Statutes § 52-102b (c).[3] The plaintiff filed a motion in limine and argued that § 52-102b (c) required the defendants to make LaGrave an apportionment defendant before the defendants could argue apportionment. The court granted the plaintiff's motion in part, but allowed the defendants "to argue that the plaintiff's injuries were caused, in whole or in part, by prior accidents." The defendants later requested that the court instruct the jury that it must determine the proportionate share of damages attribut-

---

[3] General Statutes § 52-102b (c) provides: "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h. If a defendant claims that the negligence of any person, who was not made a party to the action, was a proximate cause of the plaintiff's injuries or damage and the plaintiff has previously settled or released the plaintiff's claims against such person, then a defendant may cause such person's liability to be apportioned by filing a notice specifically identifying such person by name and last known address and the fact that the plaintiff's claims against such person have been settled or released. Such notice shall also set forth the factual basis of the defendant's claim that the negligence of such person was a proximate cause of the plaintiff's injuries or damages. No such notice shall be required if such person with whom the plaintiff settled or whom the plaintiff released was previously a party to the action."

able to each of the defendants and to LaGrave. The court refused to instruct the jury on that issue.

"When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *Raybeck* v. *Danbury Orthopedic Associates, P.C.*, 72 Conn. App. 359, 372, 805 A.2d 130 (2002). "A request to charge which is relevant to the issues of [a] case and which is an accurate statement of the law must be given." (Internal quotation marks omitted.) *Bovat* v. *Waterbury*, 258 Conn. 574, 592, 783 A.2d 1001 (2001). Conversely, "[t]he trial court has a duty not to submit any issue to the jury upon which the evidence would not support a finding. . . . Accordingly, the right to a jury instruction is limited to those theories for which there is any foundation in the evidence." (Citation omitted; internal quotation marks omitted.) *Henriques* v. *Magnavice*, 59 Conn. App. 333, 336, 757 A.2d 627 (2000).

If apportionment did not apply to this case, the court's instructions were proper. The defendants rely on *Card* v. *State*, supra, 57 Conn. App. 145, in which this court held that "the trial court should instruct the jury that if it is unable to determine how much of the plaintiff's damages is attributable to each tortfeasor, the jury should make a rough apportionment." The testimony and evidence in the present case indicated that the plaintiff's injuries resulting from the accident with the defendant were different from the injuries he had sustained in the accident with LaGrave. In the first accident, the plaintiff suffered a cervical strain or sprain, and damage to his right shoulder, head and neck. In

the second accident, the plaintiff injured his knees, head, neck, back and left side of his jaw. The facts of this case are, thus, different from those of *Card* v. *State*, supra, 134. Because apportionment was not supported by the evidence, the court acted properly in refusing to charge on it. Cf. *Henriques* v. *Magnavice*, supra, 59 Conn. App. 336.

## II

The defendants also claim that the court improperly instructed the jury that it must award nominal damages. The defendants argue that negligence requires proof of damages and that by instructing the jury that it must award nominal damages, the court invaded the province of the jury. We disagree.

Additional facts are necessary for the resolution of the defendants' claim. During its charge to the jury, the court stated: "[I]f you should find that the plaintiff has failed to sustain his burden of proving proximate cause or damages, you would still have to find for the plaintiff and award a nominal sum for the violation of the plaintiff's right to be free from the invasion caused by the collision by the defendants' negligence." The court also instructed the jury that "the plaintiff does have the burden of proving that he suffered those injuries . . . . Now—one of the elements of—the plaintiff has to prove is, in proving liability, is that the negligence of the defendants was a proximate cause of his injuries. . . . If the plaintiff satisfies his burden of proving to you that his injuries were proximately caused by the defendants' negligence, then you will go on to damages. . . . Just as the plaintiff has the burden of proving liability by a fair preponderance of the evidence, he also has the burden of proving his entitlement to recover damages by a fair preponderance of the evidence."

As set forth in part I of this opinion, we review an instruction to the jury in its entirety to determine if it is

accurate in law and adapted to the case. The challenged instruction was not improper. In *Clay* v. *Teach*, 37 Conn. App. 556, 656 A.2d 1065, cert. denied, 234 Conn. 902, 659 A.2d 1205 (1995), we stated that "[o]ur Supreme Court has noted that the rendition of summary judgment as to liability establishes the fact that a technical legal injury has been done . . . to the plaintiff, and this entitle[s] the plaintiff to at least nominal damages." (Internal quotation marks omitted.) Id., 560. Although this case differs in that the defendants admitted liability as opposed to losing a motion for summary judgment, we do not believe that difference is relevant. In both cases, liability no longer was an issue for the jury. The court's instructions make it clear that the jury was to decide the issue of damages. Therefore, the court's instructions to the jury were correct.

The judgment is affirmed.

In this opinion the other judges concurred.