# ROBERT RIGHT *v.* KIMBERLY BREEN
## (AC 24613)

Lavery, C. J., and Schaller and DiPentima, Js.

Argued October 18—officially released April 26, 2005

*Andrew H. Sharp*, with whom, on the brief, was *Allison Reilly-Bombara*, for the appellant (defendant).

*Michael J. Rosnick*, for the appellee (plaintiff).

*Opinion*

LAVERY, C. J. The defendant, Kimberly Breen, appeals from the judgment of the trial court awarding nominal damages and costs to the plaintiff, Robert Right. On appeal, the defendant claims that the court improperly (1) granted the plaintiff's motions to set aside the verdict and for an additur and (2) awarded costs to the plaintiff. The dispositive issue in this case is whether a plaintiff in a negligence action must be awarded nominal damages, thereby making the defendant liable for costs, when the defendant admits liability but denies proximate cause and actual injury, and the fact finder concludes that the plaintiff has failed to prove these elements. We answer in the affirmative because we are bound by our Supreme Court precedent, even though it is contrary to the law in most jurisdictions and the Restatement (Second) of Torts.

This case arises out of a rear-end automobile collision between the parties that occurred on May 19, 2000. The accident resulted in minor property damage. No physical injuries were reported at the accident scene, but the plaintiff later alleged that he had sustained cervical and lumbar injuries as a result of the crash.

On December 8, 2001, the plaintiff commenced this action alleging that he had suffered injuries and damages as a result of the defendant's negligence. The defendant admitted that she had caused the accident but denied that she had caused the plaintiff's injuries because the plaintiff previously had been involved in

other automobile accidents resulting in similar injuries. At the close of evidence, a discussion occurred between the court and the parties' attorneys regarding verdict forms. It was decided that only a plaintiff's verdict form would be given to the jury because the defendant had "admitted liability." Therefore, the question of damages was the only issue for the jury to decide. The jury awarded the plaintiff no economic or noneconomic damages.

On May 9, 2003, the plaintiff moved to set aside the verdict and for an additur. The court granted these motions on August 22, 2003, and awarded the plaintiff $1 in nominal damages. On March 3, 2004, the court also awarded costs to the plaintiff as the prevailing party in accordance with General Statutes § 52-257. Further facts will be provided as needed.

I

The defendant first claims that the court improperly granted the plaintiff's motions to set aside the verdict and for an additur. She argues that the court abused its discretion and violated her constitutional right to a trial by jury. We disagree.

"[T]he proper appellate standard of review when considering the action of a trial court granting or denying a motion to set aside a verdict . . . [is] the abuse of discretion standard. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . We do not . . . determine whether a conclusion different from the one reached could have been reached. . . . A verdict must stand if it is one that a jury reasonably could have returned and the trial court has accepted." (Internal quotation marks omitted.) *Maag* v. *Homechek Real*

*Estate Services, Inc.*, 82 Conn. App. 201, 211–12, 843 A.2d 619, cert. denied, 269 Conn. 908, 852 A.2d 737 (2004).

The defendant contends that the precedent set forth in *Riccio* v. *Abate*, 176 Conn. 415, 407 A.2d 1005 (1979), should be reversed. That case stands for the proposition that when summary judgment as to liability has been determined in a negligence case, a technical legal injury has occurred, and the plaintiff is entitled to at least nominal damages. Id., 418–19.

"Nominal damages are a trivial sum of money awarded to a litigant who has established a cause of action but has not established that he is entitled to compensatory damages." 4 Restatement (Second), Torts § 907, p. 462 (1979). In general, "[i]f actual damage is necessary to the cause of action, as in negligence, nominal damages are not awarded." Id., comment (a). Indeed, in *Beik* v. *Thorsen*, 169 Conn. 593, 595, 363 A.2d 1030 (1975), our Supreme Court noted that, when injury is an essential element to the cause of action, nominal damages will not be awarded unless injury is established. Nonetheless, our case law has diverged from that principle in negligence actions.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . If a plaintiff cannot prove all of those elements, the cause of action fails." (Internal quotation marks omitted.) *Madsen* v. *Gates*, 85 Conn. App. 383, 392, 857 A.2d 412, cert. denied, 272 Conn. 902, 863 A.3d 695 (2004). Generally, without proof of each of these elements, a plaintiff's cause fails entirely, and he is not entitled to have the question of damages considered. This is because conduct that is merely negligent, without proof of an actual injury, is not considered to be a significant interference with the public interest such that there is any right to complain

of it, or to be free from it. W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 30, p. 165; see also *Teitelman* v. *Bloomstein*, 155 Conn. 653, 657, 236 A.2d 900 (1967) ("[i]n a negligence action . . . [a] causal relation between the defendant's wrongful conduct and the plaintiff's injuries is a fundamental element without which a plaintiff has no case" [internal quotation marks omitted]). Therefore, it is only logical that nominal damages should not be awarded in a negligence case until all four elements, including the necessary elements of injury and causation, are proven.

We believe that there is a distinction between this case and *Riccio* v. *Abate*, supra, 176 Conn. 415. In a negligence action, such as the present case, there are two parts to a trial, the trial as to liability and the trial as to damages. The liability portion is concerned with the question of whether the defendant is responsible for the injuries complained of, i.e., if the cause of action has been proven. See annot., 85 A.L.R.2d 9, §1 (1962). If the defendant is found liable, the second part of the trial consists of determining the amount of damages recoverable from the defendant. Id.

In *Riccio* v. *Abate*, supra, 176 Conn. 416, the court granted summary judgment as to liability. Summary judgment is rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book §17-49. In granting summary judgment, the court necessarily determined that the plaintiff had proven all four elements of negligence, including actual injury and proximate cause, and was entitled to judgment as a matter of law. Therefore, it was not the jury's function to determine if the elements of negligence had been proven, but, rather, its function was to decide the amount of money the plaintiff would receive. The finding of a technical legal injury and the awarding of nomi-

nal damages was premised on the court's finding that the cause of action had been proven and its subsequent granting of the summary judgment motion.

The present case is distinguishable from *Riccio*. Confusion occurred during the trial because it repeatedly was stated that the defendant had "admitted liability." The court apparently believed that this admission by the defendant was equivalent to the granting of summary judgment as to liability in *Riccio*. That belief was incorrect. Although the defendant admitted that she caused the accident, she denied that she was the cause of the plaintiff's alleged injuries. The court and both parties acknowledged that the elements of causation and actual injury had yet to be proven by the plaintiff and were issues to be presented to the jury for its determination. Thus, there still were genuine issues as to material facts, and the plaintiff should not have been entitled to a verdict in his favor until the jury determined that he had sustained his burden of proof as to the elements of proximate cause and actual injury.

Our Supreme Court, however, also has held that "the effect of the defendants' admission of liability [in a negligence action] was to establish the fact that a technical legal injury had been done by them to the plaintiff, and this entitled the plaintiff to at least nominal damages."[1] *Keller* v. *Carone*, 138 Conn. 405, 406–407, 85 A.2d 489 (1951). This court recently followed the reasoning of *Keller* and *Riccio* and rejected the distinction

---

[1] Our Supreme Court cited the following cases for this proposition: *Schmeltz* v. *Tracy*, 119 Conn. 492, 496, 177 A. 520 (1935) (proof of assault entitled plaintiff to verdict for at least nominal damages, and injury did not have to be proven); *Dewire* v. *Hanley*, 79 Conn. 454, 458, 65 A. 573 (1907) (nominal damages awarded on claim of obstruction of right-of-way and encroachment); and *Parker* v. *Griswold*, 17 Conn. 288, 302–303 (1845) (nominal damages awarded for diversion of watercourse after finding that plaintiff did not have to prove actual damage). We note that actual injury is not an essential element of any of these causes of action as it is in negligence actions.

we see in this case between an admission of liability and summary judgment as to liability. See *Bostic* v. *Soucy*, 82 Conn. App. 356, 361, 844 A.2d 878, cert. denied, 269 Conn. 912, 852 A.2d 738 (2004). The effect of these holdings is that our appellate courts have allowed for the finding of a violation of a legal right and the subsequent awarding of damages without proximate cause and damages actually being established.[2] We find this precedent inconsistent and troubling.

That being said, "[w]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . Thus, it is not within our province to reevaluate or replace those decisions." (Citations omitted; internal quotation marks omitted.) *State* v. *Colon*, 71 Conn. App. 217, 245–46, 800 A.2d 1268, cert. denied, 261 Conn. 934, 806 A.2d 1067 (2002). Although we believe that the precedent set in *Riccio* v. *Abate*, supra, 176 Conn. 418–19, is distinguishable, we must abide by the holding in *Keller* v. *Carone*, supra, 138 Conn. 406–407. Any future change in these precedents must be made by our Supreme Court.

The defendant also contends that the court's granting of the motions to set aside the verdict and for an additur violated her constitutional right to a jury trial. She argues that "[f]or the trial court to disregard the jury's verdict by setting it aside when there is no evidence of prejudice, error, confusion or mistake usurps the function of the jury and denies the parties their constitutional right to have their issues of fact, namely, damages in this matter, determined by a jury." We disagree. As we have stated, precedent decrees that once liability is

---

[2] We believe that both a plaintiff's and a defendant's verdict form should have been given to the jury. Without all four elements of negligence having been proven, the defendant should be the prevailing party. As noted in our main discussion, this is not our current law, and we are bound by the precedent set out in *Riccio* v. *Abate*, supra, 176 Conn. 418–19, and *Keller* v. *Carone*, supra, 138 Conn. 406–407.

determined in a negligence case, nominal damages must be awarded to the plaintiff. Therefore, the jury was not in a position to determine whether nominal damages should be awarded. It was mandated by case law that they should be awarded. The court therefore properly set aside the verdict in order to award nominal damages because there was an error in the verdict.[3] Accordingly, the defendant's claim fails.

## II

The defendant also claims that the court improperly awarded costs to the plaintiff.[4] We disagree.

General Statutes § 52-257[5] is controlling on this issue. It provides that the prevailing party in a civil case shall

[3] We note that as a general rule, should the court have denied the plaintiff's motions to set aside the verdict and for an additur, the judgment would not be reversed or a new trial granted for a mere failure to award nominal damages. See *Riccio* v. *Abate*, supra, 176 Conn. 419.

[4] The plaintiff has not appealed from the court's failure to award "medically related" costs. Thus, these costs are not a subject of this appeal.

[5] General Statutes § 52-257 provides in relevant part: "(a) The fees of parties in civil actions in which the matter in demand is not less than fifteen thousand dollars shall be: For each complaint, exclusive of signing and bond, five dollars for the first page and, for each succeeding page, two dollars; for each judgment file, two dollars for the first page and, for each additional page, one dollar and fifty cents. The prevailing party in any such civil action shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, fifty dollars; (2) for the trial of an issue of law or fact, seventy-five dollars, but if more than one issue of fact is tried at one time, only one trial fee shall be allowed; and (3) in difficult or extraordinary cases in the Superior Court, where a defense has been interposed, a further allowance, in the discretion of the court, not to exceed two hundred dollars.

"(b) Parties shall also receive: (1) For each witness attending court, the witness' legal fee and mileage; (2) for each deposition taken out of the state, forty dollars, and for each deposition within the state, thirty dollars . . . (5) for maps, plans, mechanical drawings and photographs, necessary or convenient in the trial of any action, a reasonable sum; (6) for copies of records used in evidence, bonds, recognizances and subpoenas, court and clerk's fees; (7) for the signing and service of process, the legal fees payable therefor, except that a fee shall not be allowed for the return of a subpoena to court; (8) the actual expense incurred in publishing orders of notice under direction of the court; (9) for each interpreter necessarily employed

receive certain specified costs, depending on whether the amount in demand was more or less than $15,000. A "prevailing party" has been defined as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . . Also termed successful party." Black's Law Dictionary (7th Ed. 1999).

The defendant first argues that the plaintiff waived his right to seek costs when the following colloquy occurred:

"[The Plaintiff's Counsel]: I would request only one verdict form, since it is an admitted liability case.

"The Court: Well, I can go with one. I'm telling you however, that it still won't get you costs if you don't get any money. All right?

"[The Plaintiff's Counsel]: Okay."

After reviewing this exchange, we cannot determine that the plaintiff waived his right to costs. A reasonable reading of this colloquy shows that the plaintiff's counsel merely acknowledged the court's remarks on the issue of costs and that the colloquy did not constitute

in the trial of any civil action, twenty dollars per diem; (10) for premiums upon all bonds or undertakings provided pursuant to statute, rule of court, order of court or stipulation of parties, including bonds in lieu of or in release or dissolution of attachment, the actual amount paid, not exceeding a reasonable amount; (11) documented investigative costs and expenses, not exceeding the sum of two hundred dollars; and (12) for the recording, videotaping, transcribing and presentation of the deposition of a practitioner of the healing arts, as defined in section 20-1, dentist, registered nurse, advanced practice registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser that is used in lieu of live testimony in the civil action, the reasonable expenses incurred.

"(c) In all civil actions in which the matter in demand is less than fifteen thousand dollars, the prevailing party shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, ten dollars; and (2) for the trial of an issue of fact or law, fifteen dollars, but, if more than one issue of fact or law is tried at one time, only one trial fee shall be allowed. . . ."

a waiver of any of the plaintiff's rights. Thus, this discussion did not preclude the court from awarding such costs.

The defendant maintains that costs should not be awarded in a case such as this when nominal damages are the only damages awarded. The amount of damages is of no moment as to the entitlement to costs. Because a plaintiff's verdict was entered into judgment and nominal damages awarded, the plaintiff was the prevailing party and, therefore, entitled to costs pursuant to § 52-257. We conclude that the court did not abuse its discretion in awarding costs to the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.