## STATE OF CONNECTICUT *v.* JEFFREY JACKSON
## (AC 24910)

Flynn, Bishop and McDonald, Js.*

Argued September 22, 2005—officially released February 14, 2006

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Neal Cone,* senior assistant public defender, for the appellant (defendant).

*Proloy K. Das,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Stacey M. Haupt,* deputy assistant state's attorney, for the appellee (state).

*Opinion*

MCDONALD, J. The defendant, Jeffrey Jackson, appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics in violation of General Statutes § 21a-279 (a). He has raised as the sole issue in his appeal the claim that the trial court's jury instruction as to "reasonable doubt" improperly diluted the state's burden of proof. We agree with the defendant's claim, reverse the judgment of the trial court and order a new trial.

The following evidence was presented at the defendant's trial. On May 3, 2002, while incarcerated at the New Haven correctional center, the defendant underwent two strip searches after a correctional officer received information from informants that the defendant was in possession of narcotics. A correctional officer, while searching the defendant a second time, found a substance in his sock that later tested positive for cocaine. At trial, the court instructed the jury regarding reasonable doubt as follows: "The state has the burden of proving each and every element necessary to constitute . . . the crime charged. And I'll instruct on those elements later in my charge. The defendant does not have to prove his innocence in any way or present any

evidence to disprove the charge against him. The state has the burden of proving the defendant's guilt beyond a reasonable doubt. Some of you may be aware that in civil cases jurors are told that it's only necessary to prove that a fact is more likely true than not true. In criminal cases, the state's proof must be more powerful than that: It must be beyond a reasonable doubt.

"Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in the world that we know with absolute certainty, and in criminal law cases, the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, based on the evidence or lack of evidence, you have a reasonable doubt as to the defendant's guilt, you must give him the benefit of that doubt and find him not guilty."

The defendant took exception to the charge and properly preserved the issue for appeal. On September 17, 2003, the jury found the defendant guilty. The defendant was later sentenced, and this appeal followed.

The defendant claims that the court's jury instruction on reasonable doubt improperly diluted the state's burden of proof. He claims that the court's instruction that the jury must be "firmly convinced" of the defendant's guilt, by failing to define further and properly the term "reasonable doubt," misled the jury to a finding of guilt by a lesser standard of proof than beyond a reasonable doubt. Because the court failed to distinguish the clear and convincing standard of proof from the standard of proof beyond a reasonable doubt, he also claims the state's burden of proof was impermissibly diluted.

We first set forth our standard of review. "The standard of review for claims of instructional impropriety

is well established. [I]ndividual jury instructions should not be judged in artificial isolation, but must be viewed in the context of the overall charge. . . . The pertinent test is whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . Thus, [t]he whole charge must be considered from the standpoint of its effect on the [jurors] in guiding them to the proper verdict . . . and not critically dissected in a microscopic search for possible error. . . . Accordingly, [i]n reviewing a constitutional challenge to the trial court's instruction, we must consider the jury charge as a whole to determine whether it is reasonably possible that the instruction misled the jury. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Citation omitted; internal quotation marks omitted.) *State* v. *Holley*, 90 Conn. App. 350, 358–59, 877 A.2d 872, cert. denied, 275 Conn. 929, 883 A.2d 1249 (2005).

Although the standard of proof beyond a reasonable doubt "is an ancient and honored aspect of our criminal justice system, it defies easy explication." *Victor* v. *Nebraska*, 511 U.S. 1, 5, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994).[1]

In *State* v. *Ferguson*, 260 Conn. 339, 796 A.2d 1118 (2002), our Supreme Court stated: "It is fundamental that proof of guilt in a criminal case must be beyond a reasonable doubt. . . . The [reasonable doubt concept] provides concrete substance for the presumption of innocence—that bedrock axiomatic and elementary principle whose enforcement lies at the foundation of the administration of our criminal law. . . . At the

---

[1] See, e.g., *United States* v. *Reese*, 33 F.3d 166 (2d Cir. 1994), cert. denied, 513 U.S. 1092, 115 S. Ct. 756, 130 L. Ed. 2d 655 (1995).

same time, by impressing upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused, the [reasonable doubt] standard symbolizes the significance that our society attaches to the criminal sanction and thus to liberty itself. . . . [Consequently,] defendants in a criminal case are entitled to a clear and unequivocal charge by the court that the guilt of the defendants must be proved beyond a reasonable doubt." (Citations omitted; internal quotation marks omitted.) Id., 370–71.

Our Supreme Court concluded in *Ferguson* that an instruction that the jury must be "firmly convinced" of the defendant's guilt, which also included language defining reasonable doubt, was not improper *"when . . . viewed in the context of an entire charge."*[2] Id., 371. (Emphasis added; internal quotation marks omitted.) The court in *Ferguson* also stated: "We consistently have held that the definition of reasonable doubt as a real doubt, an honest doubt, a doubt which has its foundation in the evidence or lack of evidence, as a doubt for which a valid reason can be assigned, and as

---

[2] In *Ferguson*, the trial court gave the jury the following instruction: "A reasonable doubt is a doubt for which, in your own mind, you can assign to yourself a valid reason. It is a doubt which is something more than a guess or a surmise. It is not a conjecture or a fanciful or captious doubt. A reasonable doubt is not a doubt raised by someone for the sake of raising doubts, nor is it a doubt suggested by the ingenuity of a fellow juror which is not warranted by the evidence or lack of evidence.

"A reasonable doubt, in other words, is a real doubt. It is an honest doubt. It is a doubt which has its foundation in the evidence or lack of evidence. It is such a doubt that as in the serious affairs of every day life you would pay heed to. Now, on the other hand, absolute certainty, of course, in the affairs of life is almost never attainable and the law doesn't require absolute certainty on the [part] of a jury before it returns a verdict of guilty.

"I charge you that there is no obligation on the part of the state to establish the elements of the crime beyond all doubt, for that would be virtually impossible. Proof beyond a reasonable doubt does not require proof that overcomes every possible doubt. On the other hand, proof beyond a reasonable doubt leaves you firmly convinced of the defendant's guilt." (Internal quotation marks omitted.) *State* v. *Ferguson*, supra, 260 Conn. 369 n.20.

a doubt which in the serious affairs which concern you in every day life you would pay heed and attention to does not dilute the state's burden of proof when such definitions are viewed in the context of an entire charge." (Internal quotation marks omitted.) Id.

The court in *State* v. *Ferguson,* supra, 260 Conn. 371, also referred to *State* v. *Nunes,* 58 Conn. App. 296, 309, 752 A.2d 93, cert. denied, 254 Conn. 944, 762 A.2d 906 (2000), in which we stated that an instruction regarding proof beyond a reasonable doubt that explains that the jury must be "firmly convinced" that the defendant is guilty of the crime charged does not dilute the state's burden of proof when *"considered in conjunction with the court's instructions in their entirety* . . . ."[3] (Emphasis added.) *State* v. *Nunes,* supra, 309.

In *State* v. *Ferguson,* supra, 260 Conn. 371, the Supreme Court concluded that the defendant offered

---

[3] In *Nunes,* the trial court explained that "[a] reasonable doubt is a doubt from which a valid reason can be assigned. It's a doubt which is something more than a guess or a surmise. As the jury will remember that the defendant is never to be convicted on mere suspicion or conjecture. A reasonable doubt is not a fanciful doubt. A reasonable doubt is not a doubt which is raised by someone merely for the sake of raising doubt, nor is it a doubt which is not justified by the evidence or lack of evidence. A reasonable doubt is a doubt based on reason and common sense, not on the mere possibility of innocence. It is a doubt for which you can, in your own mind, conscientiously give a reason.

"A reasonable doubt, in other words, is a real doubt. An honest doubt. A doubt which has its foundation in the evidence or lack of evidence. It is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate . . . to rely and act upon it in the most important of his own affairs. . . . Proof beyond a reasonable doubt, then, is proof which leaves you firmly convinced of the defendant's guilt. I wish to impress upon each of you that before you may reach any verdict of guilty, each of you must consider the evidence and become firmly convinced that the defendant . . . is guilty of the crime charged before you can find him guilty. If, on the other hand, you are not firmly convinced that he is guilty you must give him the benefit of the doubt and find him not guilty." (Internal quotation marks omitted.) *State* v. *Nunes,* supra, 58 Conn. App. 307 n.7.

no compelling reason for it to reconsider *Nunes* and other cases defining reasonable doubt. Moreover, the court could see no reasonable possibility that the challenged language, when read in the context of the entire charge, misled the jury. Id.

In cases where the language "a firm conviction of the guilt of the accused" has been approved by our Supreme Court and this court, the charge also has included language defining reasonable doubt as opposed to possible doubt. In *Victor*, the United States Supreme Court defined a "possible" doubt as an "imaginary" one; id., 7; or "a speculative one"; id., 20; and upheld an instruction that defined a reasonable doubt "as an actual and substantial doubt" and distinguished it "from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture." (Internal quotation marks omitted.) Id., 18. As *Victor* pointed out, that explicit distinction between a substantial doubt and a fanciful conjecture was not present in *Cage* v. *Louisiana*, 498 U.S. 39, 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990); *Victor* v. *Nebraska*, supra, 20; in which the court found the jury instructions to be improper. *Victor* v. *Nebraska*, supra, 5.

In the present case, the court explained that beyond a reasonable doubt does not require absolute certainty that "overcomes every possible doubt," but did not utilize the language found in the Federal Judicial Center, Pattern Criminal Jury Instructions 21 (1988),[4] defining

---

[4] Federal Judicial Center, Pattern Criminal Jury Instructions 21 (1988), has proposed a definition of reasonable doubt that reads: "As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

"Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty

a reasonable doubt as a "real possibility [the defendant] is not guilty . . . ."[5] As a result, the court did not point out that a possible doubt is not a reasonable doubt because a reasonable doubt involves a "real possibility that the defendant was not guilty" and failed to distinguish the burden of proof beyond a reasonable doubt from the burden of proof by clear and convincing evidence.

The court also failed to present the alternative definition of a reasonable doubt as a real doubt for which a valid reason can be assigned, a definition repeatedly approved by the United States Supreme Court and by our Supreme Court. That alternative definition points out the difference between a fanciful or speculative doubt, which the state's evidence need not overcome, and a real doubt that is based on reason, which the state's evidence must overcome.

After considering the charge as a whole,[6] we conclude that the court's instruction as to reasonable doubt was improper under controlling law. The court recognized that its charge was not the standard reasonable doubt charge and that it might be reviewed on appeal. It welcomed such a review, as the court stated that it was dissatisfied with the standard charge "routinely" upheld by our Supreme Court. It is, however, our function to apply the controlling law as defined by that court. "[W]e

---

of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt, and find him not guilty."

[5] See also D. Borden & L. Orland, 5 Connecticut Practice Series: Connecticut Criminal Jury Instructions (1986) § 2.9, pp. 50–52.

[6] We note that the jury was told at the onset of the instructions to find the facts by considering only the evidence and not to resort to guesswork, conjecture, suspicion or speculation and not to be influenced by any personal likes or dislikes, prejudices or sympathy. It was also told that its verdict should not be swayed or influenced in any way by any sympathy or prejudice for or against the state or the defendant. That language was not presented, however, as to the term "reasonable doubt" as opposed to "possible doubt."

are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . Thus, it is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *Right* v. *Breen*, 88 Conn. App. 583, 589, 870 A.2d 1131, cert. granted on other grounds, 274 Conn. 905, 876 A.2d 14 (2005).

The instructions in this case did not require clearly that the state's evidence support the subjective state of near certainty of guilt. See *State* v. *Ferguson*, supra, 260 Conn. 370, citing *Jackson* v. *Virginia*, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Because there was a reasonable likelihood that the jury did apply the trial court's instruction to find guilt based on a degree of proof below what is constitutionally required, we reverse the judgment and order a new trial. See *Victor* v. *Nebraska*, supra, 511 U.S. 6, citing *Estelle* v. *McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.