## ROBERT RIGHT *v.* KIMBERLY BREEN
### (SC 17439)

Sullivan, C. J., and Borden, Norcott, Katz and Zarella, Js.

Argued November 28, 2005—officially released February 28, 2006

*Andrew H. Sharp*, for the appellant (defendant).

*Harold L. Rosnick*, with whom was *Michael J. Rosnick*, for the appellee (plaintiff).

*Cesar A. Noble* filed a brief for the Connecticut Defense Lawyers Association as amicus curiae.

*Opinion*

KATZ, J. The issue in this certified appeal is whether a plaintiff in a negligence action must be awarded nominal damages, thereby making the defendant potentially liable for costs, when the defendant admits liability but denies having caused the alleged injury, and the fact

finder thereafter concludes that the plaintiff failed to prove that he suffered any injury as a result of the defendant's conduct. This case affords us an opportunity to address this court's statement in *Keller* v. *Carone*, 138 Conn. 405, 406–407, 85 A.2d 489 (1951), that a defendant's admission of liability establishes that the plaintiff has suffered a "legal injury" and therefore is entitled to "at least nominal damages." In the present case, when faced with a jury verdict of zero economic and noneconomic damages, after instructing the jury that the defendant, Kimberly Breen, had admitted liability, the trial court relied upon *Keller* and its progeny to grant the motion by the plaintiff, Robert Right, for additur and to award him nominal damages and costs. On the defendant's appeal, the Appellate Court thereafter relied on *Keller* to affirm the judgment of the trial court. *Right* v. *Breen*, 88 Conn. App. 583, 588–89, 870 A.2d 1131 (2005). We conclude that a plaintiff bringing an action in negligence is not entitled to nominal damages, as a matter of law, when the defendant has admitted liability but has denied having caused actual injury, and the jury awards no damages to the plaintiff. Accordingly, we expressly overrule that portion of *Keller* that held otherwise, and we reverse the judgment of the Appellate Court.

The record discloses the following relevant facts and procedural history. In May, 2000, the plaintiff had stopped his automobile at a red traffic light when it was struck from behind by a vehicle driven by the defendant. There was minor damage to the plaintiff's vehicle, but no physical injuries were reported at the accident scene. Thereafter, the plaintiff brought this action, alleging that, as a result of the defendant's negligence, he had suffered bodily injury leading to both economic and noneconomic damages.[1] In her answer,

---

[1] Neither the plaintiff's complaint nor his amended complaint sought recovery for the damage done to his automobile.

the defendant admitted that the vehicle she was operating had struck the plaintiff's vehicle. She denied, however, the plaintiff's allegation that "[t]he injuries and damages suffered by the [p]laintiff were a result of the negligence and carelessness of the [d]efendant . . . ."[2]

At trial, the plaintiff presented evidence concerning his injuries that allegedly had resulted from the impact of the collision. Because the defendant contended that the plaintiff's injuries were the result of various other automobile accidents, the plaintiff also presented evidence concerning accidents in which he had been involved prior to the May, 2000 collision with the defendant—a 1989 head-on collision, an incident in the early 1990s in which he backed a vehicle into a pole, and a 1995 high impact collision in which the plaintiff's vehicle was hit from behind on the highway—as well as accidents that occurred after the May, 2000 collision—a 2001 rear impact collision, and a 2002 low impact collision. Using a verdict form provided by the plaintiff, the jury returned a verdict of zero economic damages and zero noneconomic damages, and the trial court accepted the verdict.[3]

---

[2] Although both parties agree that the defendant "admitted liability," the form of this admission is not clear from the record. In his opening statement, the plaintiff asserted that the defendant's "lawyers filed paperwork denying responsibility for the accident until . . . the week before trial." The trial began on April 29, 2003. The record, however, does not contain a filing that reflects that such an admission was made shortly before the trial. The defendant filed her answer on May 4, 2001, almost two years before the trial and, as we have noted, admitted to having caused the collision, but denied negligently having caused the plaintiff's alleged bodily injury.

[3] The jury was given a form entitled "Plaintiff's Verdict" that provided blank spaces for amounts to reflect economic damages, noneconomic damages and total damages. The trial court informed the jury that it had been given a plaintiff's verdict form because the defendant had admitted that she negligently had caused the collision. The court went on to instruct the jury that, "should you conclude that [the] plaintiff hasn't persuaded you to the probabilities, you can put zeros in there. . . . You can make a defendant's verdict out of a plaintiff's verdict form by saying no compensation is to flow." The jury returned the form with zeroes in each blank.

The plaintiff then filed motions to set aside the verdict and for additur, arguing that, under Connecticut case law, he was entitled to at least nominal damages because he had suffered a technical legal injury that admittedly had been caused by the defendant. The defendant objected to the motions, arguing that the verdict should be allowed to stand because it did not shock the conscience and stating that, although she had admitted to causing the collision, she had denied the causal relationship between the collision and the plaintiff's alleged injuries. The trial court granted the plaintiff's motions, setting aside the jury's verdict and awarding the plaintiff $1, "based upon the abundant appellate case law cited, premised upon the defendant's admission of negligence."

The plaintiff filed a bill of costs pursuant to General Statutes § 52-257, requesting $3150 in medically related costs and $467.10 in nonmedical costs. The trial court awarded the plaintiff the $467.10 in nonmedical costs, in addition to the $1 nominal damage award, but denied the request for medically related costs.[4]

The defendant appealed from the judgment of the trial court to the Appellate Court, claiming that the trial court had acted improperly when it: (1) set aside the jury verdict in her favor; and (2) awarded costs to the plaintiff. The Appellate Court affirmed the trial court's judgment, observing that, "[c]onfusion occurred during the trial because it repeatedly was stated that the defendant had 'admitted liability.' The [trial] court apparently believed that this admission by the defendant was equivalent to the granting of summary judgment as to liability . . . . That belief was incorrect. Although the defendant admitted that she caused the accident, she denied

---

[4] In light of the jury's verdict in her favor; see footnote 3 of this opinion; the defendant also filed a bill of costs, pursuant to § 52-257, requesting $681. The trial court implicitly denied this request when it awarded costs to the plaintiff.

that she was the cause of the plaintiff's alleged injuries. The court and both parties acknowledged that the elements of causation and actual injury had yet to be proven by the plaintiff and were issues to be presented to the jury for its determination." *Right* v. *Breen*, supra, 88 Conn. App. 588.

The Appellate Court then noted that, nonetheless, under *Keller*, "the effect of the defendants' admission of liability [in a negligence action] was to establish the fact that a technical legal injury had been done by them to the plaintiff, and this entitled the plaintiff to at least nominal damages." (Internal quotation marks omitted.) *Right* v. *Breen*, supra, 88 Conn. App. 588, quoting *Keller* v. *Carone*, supra, 138 Conn. 405. Although the court described this precedent as "inconsistent and troubling," it observed that it was not at liberty to overrule or discard our precedents and, accordingly, affirmed the trial court's judgment. *Right* v. *Breen*, supra, 589. Similarly, the Appellate Court affirmed the award of costs, holding that the trial court had not abused its discretion when making the award because the amount of damages is not determinative of entitlement to costs as a prevailing party. Id., 592. This certified appeal followed.[5]

The defendant essentially concedes that the Appellate Court properly applied *Keller* v. *Carone*, supra, 138 Conn. 406–407, when it concluded that the plaintiff was entitled to nominal damages and costs. See *Right* v. *Breen*, supra, 88 Conn. App. 590, 592. She therefore asks this court to revisit *Keller*, wherein, under similar facts, the court stated that "the effect of the defendants'

---

[5] This court granted the defendant's petition for certification to appeal to this court limited to the following questions: "(1) Did the Appellate Court properly conclude that the plaintiff was entitled to nominal damages and costs? [and] (2) If the answer to question one is 'yes,' should this court overrule *Keller* v. *Carone*, [supra, 138 Conn. 405]?" *Right* v. *Breen*, 274 Conn. 905, 876 A.2d 14 (2005).

admission of liability was to establish the fact that a technical legal injury had been done by them to the plaintiff, and this entitled the plaintiff to at least nominal damages." *Keller* v. *Carone*, supra, 406–407. The defendant contends that, because causation and actual injury are essential elements of a negligence claim, a plaintiff's claim of negligence must fail entirely if he cannot establish these elements. The defendant contends that the concept of a "technical legal injury" is inapposite to negligence claims and that, therefore, an award of nominal damages based on such technical legal injury and a concomitant award of costs predicated on those nominal damages are inappropriate in this case.

The plaintiff responds that there is no need to revisit *Keller* because General Statutes § 52-195 (b)[6] affords protection against an award of costs for claims involving technical legal injury. Specifically, the plaintiff contends that, by filing an offer of judgment of $1 under § 52-195, a defendant may protect herself from an award of costs based on a technical legal injury and a consequent award of nominal damages. We agree with the defendant that a plaintiff must establish all of the elements of a negligence claim, including causation and actual injury, in order to recover and, therefore, the technical legal injury concept does not apply to a negligence action.

Before we turn to the merits of the appeal, we first address the proper standard for this court's review.

---

[6] General Statutes § 52-195 addresses offers of judgment and provides in subsection (b) that, "[u]nless the plaintiff recovers more than the sum named in the offer of judgment, with interest from its date, he shall recover no costs accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after he received notice. Such costs may include reasonable attorney's fees in an amount not to exceed three hundred fifty dollars."

Section 52-195 was amended in 2005 by the substitution of "offer of compromise" for "offer of judgment" and other minor technical changes. See General Statutes (Sup. 2006) § 52-195. Those changes are not relevant to this appeal. We refer herein to the 2005 revision of the statute.

"Generally, we review a decision of the trial court setting aside the verdict and ordering an additur to determine whether the trial court properly exercised its discretion. . . . When, however, the trial court concludes, as a matter of law, that it is compelled to act in a particular fashion, plenary review is appropriate." (Citations omitted.) *Wichers* v. *Hatch*, 252 Conn. 174, 181–82, 745 A.2d 789 (2000). In the present case, the record reflects that both the trial court and the Appellate Court concluded that, based upon *Keller* v. *Carone*, supra, 138 Conn. 405, and its progeny, the trial court was required to set aside the jury's verdict and award the plaintiff nominal damages. Thus, our review is plenary.

We begin our review with a discussion of *Keller* v. *Carone*, supra, 138 Conn. 406, which also involved a collision wherein the car in which the plaintiff was riding was struck from behind. In *Keller*, the defendants also admitted liability.[7] Following a court trial limited to damages, the trial court rendered judgment for the defendants on the ground that the plaintiff had not sustained her burden of proof as to damages. Id. This court first recognized the undisputed principle that, "[e]ven though the defendants had admitted liability, the burden of proof as to the amount of actual damage sustained was upon the plaintiff." Id.; see *Tarnowsky* v. *Socci*, 271 Conn. 284, 288, 856 A.2d 408 (2004) ("breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence; they are therefore necessary ingredients for actionable harm" [internal quotation marks omitted]); *Jagger* v. *Mohawk Moun-*

[7] In *Keller* v. *Carrone*, supra, 138 Conn. 406, as in the present case, the defendants admitted liability as it pertained to duty and breach thereof, and the evidence at trial was limited to the issue of causation and amount of damages.

*tain Ski Area, Inc.*, 269 Conn. 672, 687 n.13, 849 A.2d 813 (2004) ("essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury" [internal quotation marks omitted]); *Mahoney* v. *Beatman*, 110 Conn. 184, 196, 147 A. 762 (1929) (there must be "a causal relation between the act of negligence and the injury in whole or in part"); see also 2 D. Pope, Connecticut Actions and Remedies, Tort Law (1993) § 25:24, pp. 25-35 through 25-36 ("Generally, nominal damages are not recoverable in a negligence action because actual damages are a necessary element of the action. In contrast, nominal damages may be awarded in cases involving intentional torts, such as assault and battery, false imprisonment, trespass to land, and invasion of privacy.").

In *Keller* v. *Carone*, supra, 138 Conn. 406–407, however, this court also stated that "the effect of the defendants' admission of liability was to establish the fact that a technical legal injury had been done by them to the plaintiff, and this entitled the plaintiff to at least nominal damages."[8] Although the court ultimately held that the trial court's failure to award nominal damages was not reversible error because substantial justice had been done; id., 407; this statement has led to consterna-

---

[8] Notably, and consistent with this court's subsequent opinion in *Green* v. *Donroe*, 186 Conn. 265, 440 A.2d 973 (1982), the cases cited in *Keller* for the proposition that an admission of liability establishes a technical legal injury for which the plaintiff is entitled to nominal damages involved intentional torts. See *Schmeltz* v. *Tracy*, 119 Conn. 492, 496, 177 A. 520 (1935) (proof of assault entitled plaintiff to verdict for at least nominal damages, and injury did not have to be proven); *Dewire* v. *Hanley*, 79 Conn. 454, 458, 65 A. 573 (1907) (nominal damages awarded on claim of obstruction of right-of-way and encroachment); *Parker* v. *Griswold*, 17 Conn. 288, 302–303 (1845) (nominal damages awarded for diversion of watercourse after finding that plaintiff did not have to prove actual damage). Actual injury, however, is not an essential element of the causes of action addressed in these cases as it was in the negligence action addressed in *Keller*.

tion by trial courts like that evidenced in the present case.[9]

More than thirty years later, this court explicitly addressed whether Connecticut common law requires proof of actual damages to support a cause of action sounding in negligence or whether proof of an invasion of a legal right is adequate to support the action and an award of nominal damages when actual damages cannot be proven. See *Green* v. *Donroe*, 186 Conn. 265, 440 A.2d 973 (1982). In *Green*, we addressed a claim of false imprisonment, holding that, in order for such a claim to be actionable, the defendant must cause the imprisonment intentionally, recklessly or negligently, and that actual damages must be sustained by the party claiming injury. Id., 268–69. The partial dissent in *Green*, citing case law that the dissent read as supporting the concept of a technical legal injury, took issue with the majority's categorical statement that "in order to recover in a negligence action the plaintiff must allege and prove actual damage . . . ." Id., 273 (*Parskey, J.*,

---

[9] For example, the trial judge in the present case remarked: "I have bridled against this notion of nominal damages [in cases similar to the matter presently before the court] for all the years I've been a judge . . . ." He explained that he saw difficulty with: (1) suggesting nominal damages in the jury charge before a verdict was rendered; (2) ordering a jury that had returned a verdict of zero damages to go back and make a nominal award; (3) finding "intellectual purity" in asking a jury to render a verdict and then to award nominal damages despite that verdict; and (4) treating a plaintiff who was awarded nominal damages due to a defendant's admission of liability as a "prevailing party" for purposes of awarding costs. With respect to the last point, the trial judge further noted the effect of this would be to discourage defendants from admitting to an obvious breach of duty, thereby lengthening trial proceedings, because such an admission will lead to an assessment of costs. The trial judge also noted that this creates an incentive for plaintiffs to hire many physicians in order to prove a questionable case, knowing that their costs will be charged to the defendant. See also *Preston* v. *Cestaro*, Superior Court, judicial district of New Haven, Docket No. CV 96-0389327S (March 1, 2001) (28 Conn. L. Rptr. 711, 712) (expressing consternation with "[t]he tenet that a finding of liability can be made without a finding of injury in a cause of action for negligence").

concurring in part and dissenting in part). In response, the majority explained at length the basis for its conclusion: "Notwithstanding the implication of the partially dissenting opinion, none of our cases has held that a plaintiff may prevail in a negligence action without alleging and proving actual damage. The dissent concedes that this was the rule at common law, as indeed it was. 3 Blackstone's Commentaries, c. 8, pp. 122–23; 3 [S. Stephen, New] Commentaries on the Laws of England [15th Ed. (1908)] c. 7, p. 390. No contrary authority is cited and the common law rule, ancient as it may be, has been approved by contemporary commentators. 1 [F.] Harper & [F.] James, Law of Torts [1956] § 3.7; [W.] Prosser, Law of Torts (4th Ed. [1971]) § 30.

"The statement, 'every invasion of a legal right imports damage,' appears in several early cases involving intentional acts, some of which also relate to an intrusion upon an interest in real estate. *Beattie* v. *New York, N.H. & H. R. Co.*, 84 Conn. 555, 559, 80 A. 709 (1911) (breach of contract); *Dewire* v. *Hanley*, 79 Conn. 454, 458, 65 A. 573 (1907) (obstruction of a right of way); *Brett* v. *Cooney*, 75 Conn. 338, 341, 53 A. 729 (1902) (fraud); *Watson* v. *New Milford Water Co.*, 71 Conn. 442, 451, 42 A. 265 (1899) (diversion of a stream); *Excelsior Needle Co.* v. *Smith*, 61 Conn. 56, 65, 23 A. 693 (1891) (breach of contract); *Nicholson* v. *New York and New Haven R. Co.*, 22 Conn. 74, 84 (1852) (trespass upon land); *Parker* v. *Griswold*, 17 Conn. 288, 304–305 (1845) (diversion of a stream). In *Hageman* v. *Freeburg*, 115 Conn. 469, 471–72, 162 A. 21 (1932), a personal injury suit based upon negligence which is relied upon in the dissent, the full quotation in which this declaration appears is as follows: 'The bruises, contusions and physical injuries themselves would be the basis of awarding some damages entirely apart from the resulting suffering; every invasion of a legal right

imports damage and an actual physical injury resulting from the violation of the right of personal security entitles a plaintiff to something more than merely nominal damages.' It is clear that 'bruises, contusions and physical injuries' constitute actual damage and the inclusion of the aphorism was pure dictum. Similarly, in *Urban* v. *Hartford Gas Co.*, 139 Conn. 301, 306, 93 A.2d 292 (1952), it was repeated in a case which held simply that the negligent infliction of emotional distress which resulted in the flare-up of an arrested diabetic condition of the plaintiff presented a viable cause of action. It also appears that in the cases cited concerning a negligent assault and battery, none of which contain the statement referred to, there was no question but that some actual damage had been sustained. . . .

"Although the rule making actual damage an element of a cause of action in negligence may have originated in the common law distinction between trespass and trespass on the case, we are not inclined to obliterate the distinction between intentional and unintentional conduct in terms of legal consequences which it serves to implement. Where the plaintiff's right has been intentionally invaded, its vindication in a court of law and the award of nominal and even exemplary damages serves the policy of deterrence in a real sense. It is difficult to imagine what purpose would be furthered by permitting anyone who is jostled in a crowd or otherwise suffers some unintended contact with his person or injury to his dignity to set in motion the judicial machinery necessary for a recovery of nominal damages. See 1 Restatement (Second), Torts § 18, comment [g] [1965]. That judges and juries have more important business to occupy them is as true today as it was in ancient times when the rule originated. There is nothing arcane about the wisdom of not cluttering the courts

with trivia."[10] (Citations omitted.) *Green* v. *Donroe*, supra, 186 Conn. 270–71 n.2.

Thus, in *Green* this court clarified our common law to reflect the different treatment accorded to intentional and negligent acts—allowing recovery of nominal damages where a plaintiff's right intentionally has been invaded, but allowing recovery only upon proof of causation and of actual damages where a plaintiff's right negligently has been invaded.[11] Although neither the majority nor the partially dissenting opinion in *Green* cited *Keller*, it is clear that the court implicitly disavowed the statement in *Keller* that a defendant's admission of liability in an action for negligence establishes a technical legal injury for which the plaintiff is entitled

---

[10] In his partially dissenting opinion in *Green*, Justice Parsky argued against the validity of such a distinction, reasoning: "[T]he different treatment of intentional and negligent acts in the old common law is due neither to logic nor experience but rather to procedural history. Actions of trespass were treated differently from actions of trespass on the case. As [Justice] Holmes cogently observed in The Common Law (Howe Ed.) (p. 64) '[i]n place of a theory of tort, we have a theory of trespass. And even within that narrower limit, precedents of the time of the assize and jurata have been applied without a thought of their connection with a long forgotten procedure.' While legal history should not be sloughed off, neither should it command our slavish obedience. To replace our own soundly reasoned law on the basis of ancient pronouncements founded on arcane common law concepts of forms of action is to replace reason with rote." *Green* v. *Donroe*, supra, 186 Conn. 274–75.

[11] We note that this court recently has cited *Keller* and its progeny in dicta, quoting *Taylor* v. *Sugar Hollow Park, Inc.*, 1 Conn. App. 38, 39, 467 A.2d 935 (1983), an Appellate Court case decided shortly after our decision in *Green*, for the proposition that: "Unlike other torts in which liability gives rise to nominal damages even in the absence of proof of actual loss; see *Riccio* v. *Abate*, 176 Conn. 415, 418–19, 407 A.2d 1005 (1979); it is an essential element of the tort of unlawful interference with business relations that the plaintiff suffered actual loss." (Internal quotation marks omitted.) *Hi-Ho Tower, Inc.* v. *Com-Tronics, Inc.*, 255 Conn. 20, 33, 761 A.2d 1268 (2000). We now state uncategorically that actual harm is an essential element of torts sounding in negligence.

to at least nominal damages. Therefore, we now explicitly overrule that portion of *Keller*.[12]

Such a result is consistent with our case law holding that the "essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) *Jagger* v. *Mohawk Mountain Ski Area, Inc.*, supra, 269 Conn. 687 n.13. Without proof of each of these elements, a plaintiff's cause fails entirely, and he is not entitled to have the question of damages considered. This is because conduct that is merely negligent, without proof of an actual injury, is not considered to be a significant interference with the public interest such that there is any right to complain of it, or to be free from it. W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 30, p. 165; see also 4 Restatement (Second), supra, § 907, comment (a), p. 462 ("[i]f actual damage is necessary to the cause of action, as in negligence, nominal damages are not awarded").

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to the trial court with direction to render judgment for the defendant and to modify the order of costs accordingly.

In this opinion the other justices concurred.

---

[12] We do not find persuasive the plaintiff's contention that we should not revisit *Keller* because § 52-195 (b), which was amended after *Keller*, affords protection against claims involving technical legal injury in that a defendant may protect herself from an award of costs based upon a finding of technical legal injury and the consequent award of nominal damages by filing an offer of judgment of $1. Our interest is in clarifying the law, not in affording either party any particular protection. To the extent that the plaintiff suggests that the legislature, in amending § 52-195 (b), was endorsing *Keller*, he has failed to demonstrate that the legislature's actions with respect to this statute were related in any way to *Keller*.