## MICHAEL A. MAZZUCA *v.* JAMES F. SULLIVAN, COMMISSIONER OF TRANSPORTATION, ET AL. (AC 26044)

DiPentima, Gruendel and Dupont, Js.

Argued November 15, 2005—officially released February 28, 2006

*David P. Burke*, for the appellant (plaintiff).

*April Haskell*, with whom, on the brief, was *Adam J. LaFleche*, for the appellee (named defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Michael A. Mazzuca, appeals from the judgment of the trial court rendered after it granted the motion for summary judgment filed by the defendant James F. Sullivan, the commissioner of transportation.[1] On appeal, the plaintiff claims that the court improperly concluded that the sole proximate cause doctrine (1) generally is applicable to General Statutes § 13a-144[2] and (2) specifically is applicable to the present case, in which he was injured when the vehicle he was driving collided with a tree in a "clear zone" along Interstate 84.[3] We disagree with the plaintiff and, therefore, affirm the judgment of the trial court.

The following facts and procedural history are relevant to our disposition of the plaintiff's appeal. On May 19, 2000, the plaintiff was operating his motor vehicle on Interstate 84 westbound in Danbury when his vehicle went into an uncontrollable spin. The vehicle veered off the travel portion of the highway and crashed into a tree located between the interstate and the exit six

---

[1] The other defendants in this action are L.G. DeFelice, Inc., Bernhard Contracting Corp. and Costello Industries, Inc. Because the plaintiff challenges the judgment only as to Sullivan, we refer to him in this opinion as the defendant.

[2] General Statutes § 13a-144 provides in relevant part: "Any person injured . . . through the neglect or default of the state . . . by means of any defective highway . . . which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ." Section 13a-144 operates as a waiver of sovereign immunity, thereby permitting the state to be sued within the limits of the statute. See *White* v. *Burns*, 213 Conn. 307, 312–13, 567 A.2d 1195 (1990).

[3] In raising alternate grounds for affirmance, the defendant claims that the court improperly concluded (1) that the plaintiff's notice of the defective condition was adequate and (2) that the existence of a tree in a "clear zone" could constitute a defect within the meaning of General Statutes § 13a-144. In light of our decision on the merits of the plaintiff's appeal, we decline to reach those issues.

ramp.[4] The plaintiff, who was traveling alone in the vehicle, was and continues to be unable to recall any of the events of the morning on which the accident occurred, including the precise reason the vehicle left the travel portion of the highway. As a result of the collision with the tree, the plaintiff suffered numerous and serious injuries, including a fractured skull, permanent scarring on various parts of his body and traumatic brain injury.

In November, 2000, the plaintiff commenced this highway defect action under § 13a-144 against the defendant,[5] seeking damages for the injuries he suffered. He claimed as the cause of his injuries the defendant's failure to take adequate precautions in ensuring that the thirty feet adjacent to the travel portion of the highway, which the department of transportation had indicated was to be maintained as a "clear zone," was clear of trees. Although the plaintiff alleged in his complaint that he had been using due care when operating his motor vehicle, the plaintiff was unable to produce

[4] The defendant's expert opined that when the plaintiff's vehicle left the travel portion of the road, it was traveling at approximately fifty-four miles per hour.

[5] The plaintiff's complaint sounded in five counts. The first count, which is the sole count at issue on appeal, alleged that the plaintiff was exercising due care when his vehicle collided with the tree. The second count did not allege that the plaintiff was exercising due care and, therefore, the court granted the defendant's motion to strike that count on the ground that under the highway defect statute, a plaintiff must allege that he was exercising due care. The court granted the defendant's motion to dismiss with respect to the third count, which sought punitive damages, on the ground that such damages are not recoverable against the state because of sovereign immunity. The fourth and fifth counts were directed at L.G. DeFelice, Inc., and Bernhard Contracting Corp., both of which were engaged in construction work on behalf of the defendant, and claimed that those two entities had performed road construction negligently. Summary judgment was rendered in favor of those entities on counts four and five on the ground that the plaintiff had not provided any expert who would testify that the work had been performed below the standard of care required or that any such work negligently performed was the proximate cause of the collision.

any witnesses to attest to his manner of operation, and the plaintiff, himself, was unable to recall the events that led to the collision. The only evidence the plaintiff was able to submit regarding his operation of the vehicle was that (1) he had taken numerous specialized courses in driving and controlling motor vehicles under a variety of conditions through the Federal Bureau of Investigation and (2) the police report indicated that there was no evidence he was speeding at the time of the collision.[6] On the basis of those facts, the court concluded that there was no issue of material fact in dispute and that because the plaintiff could not prove that he was exercising due care in the operation of his vehicle, he could not prove that the defendant's failure to remove the tree from the "clear zone" was the sole proximate cause of the collision. His claim, therefore, was not cognizable under § 13a-144. The court rendered summary judgment in favor of the defendant, and this appeal followed.

The essence of the plaintiff's claim on appeal is that the court improperly concluded that to prevail on a claim under the highway defect statute, the plaintiff must prove that the highway defect of which he complained was the sole proximate cause of his injuries. In making his claim, the plaintiff asks this court to overrule our Supreme Court's interpretation of the precursor to General Statutes § 13a-149 set forth in *Bartram* v. *Sharon*, 71 Conn. 686, 690, 43 A. 143 (1899),[7] which was applied to § 13a-144 and discussed in great detail by that court in *White* v. *Burns*, 213 Conn. 307, 567 A.2d 1195 (1990).[8] That we cannot do. Even if we

---

[6] Although the plaintiff opposed the defendant's motion for summary judgment, he did not claim that there were any factual issues in dispute.

[7] The sole proximate cause doctrine, which was applied first to municipal highways in *Bartram* v. *Sharon*, supra, 71 Conn. 686, was extended to state highways in *Perrotti* v. *Bennett*, 94 Conn. 533, 109 A. 890 (1920).

[8] In *White* v. *Burns*, supra, 213 Conn. 313–36, our Supreme Court discussed at length its reasoning in concluding that, for a plaintiff to prevail in an action brought under the highway defect statute, that plaintiff must prove that the defect of which he complains is the sole proximate cause of his injuries. In concluding that "[s]ole proximate cause remains the standard of

were persuaded by the plaintiff's argument that subsequent alterations to our statutory scheme that allow for comparative negligence compel removing the sole proximate cause requirement from the highway defect statute, we would not be free to cast aside our Supreme Court's holding in *White* v. *Burns,* supra, 307. "[W]e are not at liberty to overrule or discard the decisions of our Supreme Court but are bound by them. . . . [I]t is not within our province to reevaluate or replace those decisions." (Internal quotation marks omitted.) *Right* v. *Breen,* 88 Conn. App. 583, 589, 870 A.2d 1131 (2005), rev'd on other grounds, 277 Conn. 364, 890 A.2d 1287 (2006). In view of our Supreme Court's decision in *White* v. *Burns,* supra, 307, and the lack of any subsequent decisions to the contrary, the court properly concluded that the sole proximate cause doctrine is applicable to the highway defect statute and that the plaintiff's inability to prove his own exercise of due care prevented him from prevailing on his claim against the defendant.

In light of our decision on the plaintiff's first claim, it is unnecessary for us to consider his second claim in depth. The plaintiff suggests that even if the sole proximate cause doctrine generally is applicable to the highway defect statute, it should not be applicable when, as here, the department of transportation sets forth regulations promulgated for the safety of highway travelers and then fails to abide by those regulations. We conclude, however, that such a broad exception to the sole proximate cause doctrine would render the doctrine useless in numerous instances and would constitute a sub silentio overruling of our Supreme Court's decision in *White* v. *Burns,* supra, 213 Conn. 307, which, as indicated, is not within the province of this court.

causation under [General Statutes] § 13a-144"; id., 336; the court considered, among other factors, the language of the statute, its legislative history, public policy and more than one-half century of precedent.

In reaching that conclusion, we need look only so far as the decisions of this court and our Supreme Court, decided both before and after *White* v. *Burns*, supra, 307, in which it was determined that the plaintiffs had failed to prove that the challenged highway defects were the sole proximate causes of their injuries. See, e.g., *Kolich* v. *Shugrue*, 198 Conn. 322, 502 A.2d 918 (1986) (plaintiff claimed improperly secured guardrail was substantial factor in injuries also caused by intoxicated third party driver and could not prevail under defective highway statute requiring highway defect to be sole proximate cause of injuries); *Sirot* v. *Burns*, 37 Conn. App. 551, 657 A.2d 681 (when plaintiff failed to prove third party free of negligence, plaintiff could not prevail on claim that defective median barrier was sole proximate cause of injuries), cert. denied, 234 Conn. 908, 659 A.2d 1209 (1995); *Roy* v. *Michaud*, 5 Conn. App. 695, 501 A.2d 1231 (1985) (when plaintiff failed to prove defendant driver free of negligence, plaintiff could not prevail on claim that lack of guardrail or defendant commissioner's failure to remove rock ledge along interstate highway constituted sole proximate cause of injuries), cert. denied, 198 Conn. 806, 504 A.2d 1060 (1986).

The judgment is affirmed.

In this opinion the other judges concurred.