EMMA ATKINSON *v.* LORRAINE SANTORE
(AC 33416)

Robinson, Sheldon and Bishop, Js.

Argued January 31—officially released April 24, 2012

*Nicole L. Augenti*, with whom, on the brief, was *James O. Gaston*, for the appellant (plaintiff).

*Joseph R. Grippe*, for the appellee (defendant).

*Opinion*

SHELDON, J. This case involves a dispute between a homeowner and her children's babysitter concerning an incident in which the babysitter, while caring for the children, claimed that she was potentially exposed to the rabies virus due to her contact with the homeowner's dogs after she found them in the vicinity of a rabid raccoon in the homeowner's yard. The plaintiff, Emma Atkinson, brought this action against the defendant,

Lorraine Santore, under General Statutes § 22-357,[1] commonly known as the dog bite statute, claiming that the defendant was strictly liable for such potential exposure and its consequences, including the cost of and the pain associated with the resulting administration to her of antirabies injections. Both the plaintiff and the defendant subsequently filed motions for summary judgment. In her motion, the defendant claimed that she could not be held liable under § 22-357 because her dogs had not "do[ne] any damage" to the plaintiff, within the meaning of the statute. On this score, she argued, under *Granniss* v. *Weber*, 107 Conn. 622, 141 A. 877 (1928), and its progeny, that the statute imposes strict liability on dog owners only for damage resulting from the "active conduct" of their dogs, which the *Granniss* court had described as "conduct of the dog [that] was voluntary and either vicious or mischievous, instead of involuntary or innocent . . . ." Id., 630. Employing this analysis, the trial court granted the defendant's motion upon finding that the only conduct by which her dogs might be claimed to have exposed the plaintiff to the rabies virus was entirely passive, and, thus, completely innocent and involuntary rather than volitional, vicious or mischievous.[2]

On appeal, the plaintiff claims error in the court's granting of the defendant's motion for summary judgment on two grounds. First, she argues that the court's analysis of the statute's requirements is too restrictive because it inappropriately limits dog owners' strict liability thereunder to damage resulting from the active

---

[1] General Statutes § 22-357 provides in relevant part: "If any dog does any damage, to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. . . ."

[2] The court denied the plaintiff's motion for summary judgment.

or affirmative conduct of their dogs. Second, she argues that even if the court's statutory analysis is correct, there is, on this record, a genuine issue of material fact as to whether her potential exposure to the rabies virus resulted from the defendant's dogs' active or affirmative conduct towards the rabid raccoon. For the following reasons, we disagree and thus affirm the judgment of the trial court.

We first set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Internal quotation marks omitted.) *SS-II, LLC* v. *Bridge Street Associates*, 293 Conn. 287, 293–94, 977 A.2d 189 (2009). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. The presence . . . of an alleged adverse claim is not sufficient to defeat a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) *Wadia Enterprises, Inc.* v. *Hirschfeld*, 224 Conn. 240, 247, 618 A.2d 506 (1992).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Crystal Lake Clean Water Preservation Assn.* v. *Ellington,* 53 Conn. App. 142, 147, 728 A.2d 1145, cert. denied, 250 Conn. 920, 738 A.2d 654 (1999). Because the trial court rendered judgment for the defendant as a matter of law, "our review is plenary and we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) Id.

In reaching its decision, the trial court found the following undisputed facts. "On July 17, 2007, the plaintiff was babysitting for the defendant's two children at the defendant's home in Newtown. The plaintiff's affidavit states that the defendant's dogs 'came in contact with' a rabid raccoon. In her deposition testimony, the plaintiff explained that when she went outside to bring the dogs in the house, she observed the dogs near the end of the defendant's driveway. The dogs were five to ten feet from a raccoon that was lying, unmoving but apparently alive, on the grass. The plaintiff did not observe the dogs have any actual physical contact with the raccoon nor is she aware that any other person witnessed such contact. The plaintiff did not observe any scratches, blood or other marks on the dogs. To retrieve the dogs, the plaintiff walked over to where the dogs were standing, five to ten feet from the raccoon, and corralled them into the house. While fetching the dogs and afterwards, the dogs acted normally and were friendly to the plaintiff. At no time did the dogs bite, attack, scratch, menace or otherwise directly harm the plaintiff. The raccoon was later tested and confirmed to be rabid. The plaintiff did not contract rabies but received rabies shots on the advice of her pediatrician. The plaintiff did not present any evidence that

the dogs contracted rabies, although they did receive rabies shots."

The plaintiff first argues that the trial court erred by reading § 22-357 to restrict a dog owner's strict liability to damage resulting from the dog's active or affirmative conduct.[3] She urges this court to interpret the statutory phrase, "does any damage"; General Statutes § 22-357; to mean proximately causes any damage, without any limitation as to how such damage is done. We disagree.

Although the language of the statute contains no express requirement that a dog's conduct be active or affirmative in order for its owner to be held strictly liable for damage resulting from it, our courts have long held that the statute applies only to a dog's volitional conduct that is either vicious or mischievous rather than innocent or involuntary. See *Granniss* v. *Weber*, supra, 107 Conn. 630. This limitation is rooted in the purpose of the statute, which is to assign full responsibility for the special dangers arising from the natural behavior of dogs to those who expose others to such special dangers by owning or keeping dogs, rather than to innocent persons who encounter such dogs and thereby suffer damage to their persons or property. At common law before 1798,[4] dogs were regarded as a base or inferior form of inherently dangerous property, which owners kept and maintained at their peril. See *Woolf* v. *Chalker*, 31 Conn. 121, 127, 133 (1862). The low status of dogs compared to other domesticated

---

[3] The plaintiff couches her argument in a claim that the court improperly created and applied a three-pronged standard to establish liability under § 22-357. More specifically, the plaintiff claims that the requisite three prongs were as follows: "(1) some kind of volitional act on the part of the dog; (2) the dog does an affirmative act; and (3) that said affirmative act was vicious or mischievous . . . ." We interpret these three prongs to amount to a claim that the court improperly included in its analysis a requirement of affirmative conduct by the dogs that was either vicious or mischievous.

[4] In 1798, the first version of § 22-357 became law. See *Woolf* v. *Chalker*, supra, 31 Conn. 133.

animals was based on their nonutility as a food source, their proneness to contracting and spreading the deadly rabies virus, and their natural tendency to engage in vicious behavior, particularly biting, and mischievous behavior, typically involving the destruction of property. Id., 127–28. In light of the latter factor, in particular, the legislature sought to impose strict liability for all damage predictably resulting from dogs' vicious or mischievous behavior on those who, by owning or keeping them, expose others to the dangers of such aggressive behavior while seeking its benefits for their own self-protection. Id., 132.

Consistent with this purpose, the *Granniss* court described the scope of dog owners' and keepers' liability under the statute as including all damage caused by the vicious or mischievous conduct of their dogs but excluding all damage caused by the dogs' innocent or involuntary conduct. *Granniss* v. *Weber*, supra, 107 Conn. 630. Strict liability appropriately is imposed on dog owners and keepers for damage caused by the volitional and vicious or mischievous conduct of their dogs because it is reasonably foreseeable that dogs as a species will engage in such inherently dangerous behavior.[5] Strict liability is not imposed, by contrast, for damage caused by the involuntary or innocent behavior of dogs because no special risk of harm foreseeably arises from such passive, nonaggressive behavior. In sum, consistent with *Granniss* and the numerous

[5] As a strict liability statute, § 22-357 imposes no requirement that the owner had scienter as to his or her dog's propensity to engage in such behavior. "[The] principal purpose and effect [of the statute] was to abrogate the common-law doctrine of scienter as applied to damage by dogs to persons and property, so the liability of the owner or keeper became no longer dependent upon [the owner's] knowledge of the dog's ferocity or mischievous propensity; literally construed the statute would impose an obligation on [the owner] to pay for any and all damage the dog may do of its own volition." *Granniss* v. *Weber*, supra, 107 Conn. 625.

Superior Court decisions that have followed it,[6] we agree with the trial court that strict liability under § 22-357 does not extend to damage caused by a dog's merely passive, and, thus, innocent or involuntary, behavior.

The plaintiff also claims that even if the court employed the proper legal analysis in evaluating the defendant's statutory liability, summary judgment was improper on the facts here presented because there is a genuine issue of material fact as to whether the plaintiff's potential exposure to rabies resulted from the defendant's dogs' affirmative conduct. We disagree.

In her complaint, the plaintiff initially claimed that the dogs were "enjoined" with the raccoon, suggesting that the dogs had made physical contact with the raccoon and grappled with it. Later, however, in the personal affidavit attached to her motion for summary judgment, the plaintiff averred more generally, without accompanying explanation, that the dogs "had contact" with the raccoon. When pressed on this point at oral argument before this court, the plaintiff's counsel conceded that the plaintiff had not witnessed any physical contact between the dogs and the raccoon. Counsel contended, nonetheless, that such physical contact could be inferred. When asked how such an inference

---

[6] See, e.g., *Scherp* v. *Facius*, Superior Court, judicial district of Middlesex, Docket No. CV-03-0100630-S (November 12, 2004) (rendering judgment in favor of defendant and concluding that dog was passive and nonviolent and was not directing any hostility, threatening, attacking or menacing behavior toward plaintiff); *Moulton* v. *Coffee & More, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-10-6006205-S (May 12, 2010) (granting defendant's motion to strike, concluding that complaint alleged conduct that was involuntary or innocent, as opposed to voluntary and either vicious or mischievous and noting that "do[ing]" damage involved affirmative act by dog); cf. *Baclaski* v. *D'Alessio*, Superior Court, judicial district of Tolland, Docket No. CV-06-5000697-S (February 23, 2007) (denying defendant's motion for summary judgment and determining that dog engaged in voluntary act when it wandered over and fell asleep in entranceway and plaintiff was injured after tripping over it).

could be drawn from the evidence here presented, counsel responded that the dogs were found wandering around a portion of the defendant's property that they typically did not enter, and, thus, they could have been "sniffing around or investigating" the raccoon. Counsel also speculated, without citing any supporting evidence, that the dogs could "have caused" the raccoon's injuries.

"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Citations omitted; internal quotation marks omitted.) *Wadia Enterprises, Inc.* v. *Hirschfeld,* supra, 224 Conn. 247. Demonstrating a genuine issue of material fact "requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." (Internal quotation marks omitted.) *Martinez* v. *Southington Metal Fabricating Co.,* 101 Conn. App. 796, 799, 924 A.2d 150, cert. denied, 284 Conn. 930, 934 A.2d 246 (2007). An inference that is based on speculation and is unsupported by the evidence is insufficient to raise a genuine issue of material fact.

The judgment is affirmed.

In this opinion the other judges concurred.