# WILLIAM ARNOLD *v.* CAROL MORIARTY ET AL.
## (AC 33928)

Gruendel, Alvord and West, Js.

Argued November 8, 2012—officially released February 19, 2013

*Sydney T. Schulman,* with whom, on the brief, was *Alina Bricklin-Goldstein,* for the appellant (plaintiff).

*Steven L. Seligman,* for the appellee (named defendant).

*Opinion*

ALVORD, J. The plaintiff, William Arnold, appeals from the judgment of the trial court rendered in favor of the defendants, Carol Moriarty and James Moriarty,[1] following a jury trial. On appeal, the plaintiff claims that the court improperly (1) directed a verdict in favor of the defendants, and (2) denied the plaintiff's motion to set aside the verdict.[2] We disagree with the plaintiff and affirm the judgment of the trial court.

---

[1] Because the defendant James Moriarty is not a party to this appeal, we refer in this opinion to Carol Moriarty as the defendant.

[2] The plaintiff also claims that the jury could not reasonably or appropriately have found that zero damages should have been awarded to the plaintiff. Because that claim is inextricably intertwined with the plaintiff's claim that the court improperly denied the plaintiff's motion to set aside the verdict, we review them together.

The following facts, which the jury could have reasonably found, and procedural history are relevant to the plaintiff's claims. On October 3, 2003, the plaintiff and the defendant were involved in a motor vehicle accident. The defendant's vehicle was stopped behind the plaintiff's vehicle at a red traffic light in the far right lane of a three lane road. After the light turned green and the vehicles began moving, a vehicle from the middle lane of traffic merged into the right lane directly in front of the plaintiff's vehicle. The plaintiff applied his brakes, and, in response, the defendant applied her brakes, but the defendant's vehicle struck the rear end of the plaintiff's vehicle. After the collision, both parties exited their vehicles and verbally confirmed that the other party was physically well. They then inspected the front of the defendant's vehicle and the rear of the plaintiff's vehicle and concluded that both vehicles had suffered only minor damage. The parties exchanged insurance information and decided not to call the police.

The plaintiff filed a civil action against the defendants on October 11, 2005,[3] alleging that, as a result of the defendant's negligence in causing the accident, the plaintiff had suffered a cervical sprain, a thoracic sprain, a herniated disk and other injuries. In his operative complaint, the plaintiff alleged only bodily injury; no allegation of injury to property was pleaded. At the jury trial, both the plaintiff and the defendants presented evidence in the form of expert testimony and medical records pertaining to the issue of whether the defendant was negligent in causing the accident and whether the accident was the proximate cause of the plaintiff's injuries. Prior to the accident, the plaintiff had suffered a series of injuries to the same area of his body as where

---

[3] The plaintiff filed a five count amended complaint on April 4, 2007, against Carol Moriarty for negligence in the operation of her vehicle and James Moriarty for vicarious liability as the owner of the vehicle.

this accident allegedly injured him. In 1981, he was involved in a serious car accident that resulted in an injury to his torso. In 1991, while moving a six hundred pound desk as part of his employment responsibilities, he fell thirty feet and caused permanent damage to his lower back. In the winter between 2002 and 2003, he slipped on ice and fell on his back, suffering lumbar sprains on both sides of his spinal column. The jury heard conflicting expert testimony as to whether the accident with the defendant exacerbated the plaintiff's previous injuries. After the accident with the defendant, but prior to trial, the plaintiff suffered further medical problems, including pancreatitis that almost resulted in his death and a gunshot wound that hospitalized him for more than sixty days.

On September 16, 2011, the court granted the defendants' oral motion for a directed verdict as to counts two through five of the amended complaint. Thereafter, on September 20, 2011, the jury returned a verdict for the plaintiff on count one, awarding zero economic damages and zero noneconomic damages. The judge then addressed the jury with the following instruction: "[I]f it is your conclusion that the plaintiff has not established by a preponderance of the evidence his entitlement to damages in accordance with my instructions, then you should use the verdict for the defendant form. If it is your intention to award damages to the plaintiff, in accordance with my instructions, however you have found the facts in this case, then you would use the plaintiff form. But if . . . you do not intend to award damages to the plaintiff, I direct you then you should use the defendant's verdict form. And I have no direction to you as to how you proceed. I am going to ask you to reconsider . . . the issues in accordance with this most recent instruction to you that I think clarifies things."

The jury returned to the jury deliberation room and shortly thereafter sent a note to the court that read: "The jury believes that [the defendant] was negligent in the accident, but do not believe any monetary award is appropriate for the plaintiff. In this case, are we supposed to choose 'Verdict For Defendant' or 'Verdict For Plaintiff'? The Jury." After the judge read the note aloud with the jury absent from the courtroom, the plaintiff's counsel stated: "I would argue, in that event, Your Honor, that they should choose the plaintiff's verdict." The defendant's counsel then opined: "I believe, Your Honor, it's appropriate for you, at this point, to direct them to complete the defendant's verdict form." The judge returned the jury to the courtroom and again read the note from the jury aloud. He then stated: "[B]ased upon this request or question [from] you, and also based upon the prior form you filled out, I have come to the conclusion that I must direct you to complete the verdict for the defendant form." The jury returned to the jury deliberation room and, upon returning to the courtroom, returned a verdict for the defendant.

The plaintiff filed a motion to set aside the verdict, requesting that "the Defendant's Verdict directed by the Court be set aside and the Plaintiff's Verdict originally found by the Jury . . . be reinstated. The reasons therefore include that the Jury could not have reasonably or appropriately found that zero damages should [have been] awarded. The directing of a Defendant's Verdict precludes the plaintiff from making a claim for additur." The court denied the motion. This appeal followed.

The plaintiff first claims that the court improperly directed a verdict for the defendant because the initial verdict for the plaintiff awarding zero damages was

ambiguous, and the trial court should not have presumed to have known the basis for the jury's determination. We disagree that the court directed a verdict[4] and conclude that it properly instructed the jury and rendered a judgment in accordance with the jury verdict.

"When . . . the trial court concludes, as a matter of law, that it is compelled to act in a particular fashion, plenary review is appropriate." (Internal quotation marks omitted.) *Right* v. *Breen*, 277 Conn. 364, 371, 890 A.2d 1287 (2006). In the present case, the jury initially returned a general verdict for the plaintiff awarding zero damages in a negligence cause of action. "[T]he essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Without proof of each of these elements, a plaintiff's cause fails entirely, and he is not entitled to have the question of damages considered. This is because conduct that is merely negligent, without proof of an actual injury, is not considered to be a significant interference with the public interest such that there is any right to complain of it, or to be free from it." (Citation omitted; internal quotation marks

---

[4] General Statutes § 52-216 provides in relevant part: "The court shall decide all issues of law and all questions of law arising in the trial of any issue of fact; and, in committing the action to the jury, shall direct them to find accordingly. The court shall submit all questions of fact to the jury, with such observations on the evidence, for their information, as it thinks proper, without any direction as to how they shall find the facts. . . ." A directed verdict, however, is "[a] judgment entered on the order of a trial judge who takes over the fact-finding role of the jury because the evidence is so compelling that only one decision can reasonably follow or because it fails to establish a prima facie case." Black's Law Dictionary (7th Ed. 1999). "A trial court has the inherent power to grant a directed verdict sua sponte, if it determines that reasonable minds could come to but one conclusion upon the evidence submitted." 75A Am. Jur. 2d 421, Trial § 783 (2007). In this case, the court did not take over the fact-finding role of the jury or make a determination based on evidence. Rather, a review of the record reveals that the court instructed the jury as to the proper form on which to transcribe its verdict while specifically refraining from making any factual determinations based on the evidence.

omitted.) Id., 377. "If actual damage is necessary to the cause of action, as in negligence, nominal damages are not awarded." 4 Restatement (Second), Torts § 907, comment (a), p. 462 (1979).

Pursuant to *Right*, a jury verdict for a plaintiff awarding zero damages in a cause of action sounding in negligence is ambiguous because it is inherently inconsistent to state, on the same verdict form, that a plaintiff has prevailed in proving the cause of action while simultaneously stating that the plaintiff has not proven an element of the cause of action. In this case, the initial verdict returned by the jury was inconsistent because the verdict form indicated a verdict for the plaintiff while determining that the plaintiff had not proven damages— an essential element of a negligence cause of action. The court recognized this ambiguity and properly reinstructed the jury and returned it for further deliberations. See *Ferris* v. *Hotel Pick Arms, Inc.*, 147 Conn. 72, 75, 157 A.2d 106 (1959) (when confronted with jury verdict that is inconsistent or ambiguous as to jury's intent court "should . . . [direct] the jury, with appropriate instructions, to retire and reconsider the verdict"); see also Practice Book § 16-17.[5] After returning to the deliberation room, the jury sent a note indicating it did not intend to award the plaintiff any damages and inquiring whether it should use a form indicating a verdict for the defendant or a form indicating a verdict for the plaintiff. For the second time, the jury had stated its determination that the plaintiff had failed to prove damages. The court then properly issued an instruction to use the verdict for the defendant form because of its determination that, as a matter of law, the plaintiff had

---

[5] "The judicial authority may, if it determines that the jury has mistaken the evidence in the cause and has brought in a verdict contrary to it, or has brought in a verdict contrary to the direction of the judicial authority in a matter of law, return the jury to a second consideration, and for like reason may return it to a third consideration, and no more. . . ." (Citation omitted.) Practice Book § 16-17.

not met his burden of proving each of the elements of a negligence cause of action by a preponderance of the evidence.

The plaintiff next claims that the trial court improperly denied the plaintiff's motion to set aside the verdict because a jury could not reasonably have found zero damages were appropriate. "[T]he role of the trial court on a motion to set aside the jury's verdict is not to sit as a seventh juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did. . . . A verdict is not defective as a matter of law as long as it contains an intelligible finding so that its meaning is clear. . . . A verdict will be deemed intelligible if it clearly manifests the intent of the jury. . . . In reviewing the action of the trial court in denying the motions . . . to set aside the verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented, the jury could fairly reach the verdict [it] did." (Citations omitted; internal quotation marks omitted.) *Froom Development Corp.* v. *Developers Realty, Inc.*, 114 Conn. App. 618, 632, 972 A.2d 239, cert. denied, 293 Conn. 922, 980 A.2d 909 (2009).

"[A]lthough it is understandable that the [trial] court wanted to evaluate everything before it [in] deciding the motion to set aside the verdict, the court, in so doing, effectively considered an aspect of the jury's deliberations. . . . Consequently, the trial court was not free to consult the original verdict forms in determining whether to grant [a motion to set aside the verdict]." (Internal quotation marks omitted.) *Hall* v. *Bergman*, 296 Conn. 169, 180, 994 A.2d 666 (2010).

In this case, the court was asked to set aside the jury verdict for the defendant. Based on our review of the

evidence at trial, the jury could have fairly and reasonably reached a verdict for the defendant. Both the plaintiff and the defendant presented an expert witness to explain whether the accident in question affected the plaintiff's previous back problems. It is not our position to dictate which witnesses the jury should credit; "[t]he trier [is] free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Mierzejewski* v. *Brownell*, 102 Conn. App. 413, 422, 925 A.2d 1126, cert. denied, 284 Conn. 917, 931 A.2d 936 (2007). Further, it is not unreasonable for a jury to determine that a plaintiff has proved some elements of his or her cause of action without proving them all; see *Macy* v. *Lucas*, 72 Conn. App. 142, 150–51, 804 A.2d 971, cert. denied, 262 Conn. 905, 810 A.2d 272 (2002); and in such a situation a defendant's verdict is proper. See *Carano* v. *Moomey*, 51 Conn. App. 382, 389, 721 A.2d 1240 (1998) ("[t]o prove a claim of negligence, the plaintiff must prove by a preponderance of the evidence each of the elements: duty, breach, proximate cause and damages"); see also *Right* v. *Breen*, supra, 277 Conn. 377 (remanding case to trial court to render judgment for defendant when plaintiff failed to prove damages). The verdict of the jury was reasonable, and the court, therefore, did not abuse its discretion in denying the plaintiff's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.