******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

KRISTINA WEIHING *v.* ROBERT J.
PRETO-RODAS ET AL.
(AC 37310)

Alvord, Mullins and Sullivan, Js.

*Argued January 5—officially released February 28, 2017*

(Appeal from Superior Court, judicial district of
Fairfield, Hon. Michael Hartmere, judge trial referee.)

*Dana P. Lonergan*, with whom, on the brief, was
*Thomas J. Weihing*, for the appellant (plaintiff).

*Cynthia M. Garraty*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Kristina Weihing, appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendants, Robert J. Preto-Rodas and Margaret Preto-Rodas, in this action brought pursuant to General Statutes § 22-357.[1] On appeal, the plaintiff claims that the trial court improperly (1) admitted photographs of the defendants' dog and (2) denied her motion to set aside the jury's verdict and for a new trial. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts from the testimony at trial. On June 27, 2011, the plaintiff was walking her three dogs, two sixty pound pit bull mixes, Angelica and Roscoe, and a one hundred pound German shepherd-Akita mix, Max, on leashes in front of the defendants' house. The defendants' neighbor observed Roscoe defecating on the defendants' lawn. While the plaintiff was bent over picking up the feces, the defendants' dog, Boo Boo, a twelve pound corgi-Chihuahua mix, came around to the front yard of the defendants' house from the backyard. The plaintiff noticed Boo Boo and attempted to pull Angelica, Roscoe, and Max away without success. Then, one of the dogs barked and Angelica, Roscoe, and Max began pursuing Boo Boo and tossing him about the defendants' yard. As Angelica, Roscoe, and Max pursued Boo Boo, the plaintiff was pulled to the ground by her leashed dogs and sustained injures as a result. Eventually, Angelica and Roscoe used their mouths to grab Boo Boo by the head and back and, prior to being rescued by one of the defendants, Boo Boo sustained injuries to his neck and abdomen.

On June 23, 2013, the plaintiff filed a complaint against the defendants alleging that Boo Boo, "who was unleashed, suddenly ran from the defendants' premises and attacked and bit [her] dogs, causing [her] to fall forcibly to the ground, thereby causing [her] to sustain and suffer severe injuries and losses." On October 2, 2013, the defendants filed an answer, in which they alleged, as a special defense, that "the [p]laintiff, through the actions of her dogs, was teasing, tormenting and abusing [Boo Boo]." On July 28, 2014, the plaintiff filed a motion in limine to preclude photographs of Boo Boo or Boo Boo's injuries. On July 29, 2014, the court, after a hearing, denied the plaintiff's motion, agreeing with the defendants that the photographs of Boo Boo were probative of the defendants' special defense.

A two day jury trial commenced that same day. The only evidence the plaintiff presented that Boo Boo was the proximate cause of her injuries was her own testimony that, while walking her dogs along the sidewalk, an unleashed Boo Boo ran out of the defendants' yard, started barking at her dogs, and tried to nip and bite

them, which forced her dogs to act to protect themselves.[2] On July 30, 2014, the jury returned a verdict in favor of the defendants. In response to two separate interrogatories, the jury indicated that (1) the plaintiff did not prove that Boo Boo's actions were the proximate cause of her injuries and (2) the photographs of Boo Boo's injuries were evidence of teasing, tormenting, or abusing.

On August 11, 2014, the plaintiff filed a motion to set aside the verdict and for a new trial, arguing that the photographs of Boo Boo's injuries were admitted improperly into evidence and that she was prejudiced because the jury, through its answers to the interrogatories, indicated that it relied on the photographs to find that the defendants proved their special defense. The court denied the plaintiff's motion, reasoning that the jury concluded that she failed to prove an element of her cause of action, i.e., causation, and, therefore, the evidence of Boo Boo's injuries did not have to be considered by the jury to return a verdict in favor of the defendants.

On appeal, the plaintiff claims that the court improperly (1) admitted the photographs of Boo Boo's injuries and (2) denied her motion to set aside the jury's verdict based on the improper admission of those photographs. We conclude that the court properly denied the plaintiff's motion to set aside the jury's verdict because the jury could have reasonably concluded that the plaintiff failed to prove that Boo Boo was the proximate cause of her injuries. Accordingly, we need not reach the issue of whether the photographs of Boo Boo's injuries were erroneously admitted into evidence or whether the court erroneously denied the plaintiff's motion to set aside the verdict based on that purported evidentiary error.

"[T]he role of the trial court on a motion to set aside the jury's verdict is not to sit as a seventh juror, but, rather, to decide whether, viewing the evidence in the light most favorable to the prevailing party, the jury could reasonably have reached the verdict that it did. . . . A verdict is not defective as a matter of law as long as it contains an intelligible finding so that its meaning is clear. . . . A verdict will be deemed intelligible if it clearly manifests the intent of the jury. . . . In reviewing the action of the trial court in denying the motions . . . to set aside the verdict, our primary concern is to determine whether the court abused its discretion and we decide only whether, on the evidence presented, the jury could fairly reach the verdict [it] did." (Internal quotation marks omitted.) *Arnold* v. *Moriarty*, 140 Conn. App. 872, 879, 60 A.3d 317 (2013).

Based on our review of the evidence at trial in the present case, the jury could have reached, fairly and reasonably, a verdict for the defendants based on the plaintiff's failure to meet her burden of proof. Section

22-357 renders the owner or keeper of a dog strictly liable to third parties for injuries that the dog caused through its own "volitional conduct that is either vicious or mischievous rather than innocent or involuntary." *Atkinson* v. *Santore*, 135 Conn. App. 76, 81, 41 A.3d 1095, cert. denied, 305 Conn. 909, 44 A.3d 184 (2012). The only evidence presented that Boo Boo caused the fracas with Angelica, Roscoe, and Max, and therefore proximately caused the plaintiff's injuries, was the plaintiff's testimony that Boo Boo attacked her dogs first. Based on the jury's answer to the first interrogatory and its verdict in favor of the defendants, it is reasonable to conclude, however, that the jury discredited that testimony. "It is not our position to dictate which witnesses the jury should credit; [t]he trier [is] free to accept or reject, in whole or in part, the testimony offered by either party." (Internal quotation marks omitted.) *Arnold* v. *Moriarty*, supra, 140 Conn. App. 880.

Accordingly, the court did not err in denying the plaintiff's motion to set aside the jury's verdict based on an evidentiary claim relating to the defendants' special defense. See id., 879–80 (trial court properly denied plaintiff's motion to set aside verdict where jury reasonably could have found that plaintiff failed to prove damages, an essential element of her cause of action).

The judgment is affirmed.

[1] General Statutes § 22-357 provides in relevant part: "If any dog does any damage to . . . the body . . . of any person, the owner or keeper . . . shall be liable for the amount of such damage, except when such damage has been occasioned to the body . . . of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog. . . ."

[2] Conversely, Robert Preto-Rodas testified that Boo Boo was a rescue dog and that their dog trainer believed he was most likely a victim of abuse. Robert further testified that although Boo Boo occasionally would bark at people, he was "very skittish" and would avoid coming near other people or dogs because he was afraid of them. Margaret Preto-Rodas similarly testified that although Boo Boo would bark, he was a skittish rescue dog.